**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE: Case No. 26-15896-PDR

LUIS LORIGA CACERES,
Debtor.
_______________________________/

BARBARA LORIGA, Adv. Proc. No.: ______________
Plaintiff,

v.

LUIS LORIGA CACERES,
Defendant.
_______________________________/

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(6)**

Plaintiff, Barbara Loriga ("Plaintiff" or "Barbara"), sues Defendant, Luis Loriga Caceres a/k/a Luis Loriga ("Defendant," "Debtor," or "Luis"), and alleges:

**I. INTRODUCTION**

1. This adversary proceeding seeks a determination that the debt owed by Defendant to Plaintiff is nondischargeable because it arises from a jury verdict and Final Judgment for malicious prosecution and intentional infliction of emotional distress based on Defendant's intentional, willful, and malicious conduct toward Plaintiff.

2. The state court entered Final Judgment for Plaintiff and against Defendant in the amount of $2,760,013.29, consisting of $2,756,500.00 in damages and $3,513.29 in taxable costs, plus post-judgment interest. Plaintiff seeks to except that debt and related amounts from discharge under 11 U.S.C. §§ 523(a)(6). See Exhibit A - *Certified Final Judgment after Jury Verdict*

3. The judgment arose from Defendant's purposeful use of false sworn statements, legal and governmental processes, and litigation misconduct to injure Plaintiff.

## II. PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Barbara Loriga is the judgment creditor under the Final Judgment entered in Barbara Loriga v. Luis Loriga, Case No. 2024-003969-CA-01, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

5. Defendant Luis Loriga Caceres, also known as Luis Loriga, is the debtor in Chapter 7 Case No. 26-15896-PDR pending in this Court. He filed under Chapter 13 on May 6, 2026, and converted the case to Chapter 7 on August 6, 2026.

6. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157; this is a core proceeding under 28 U.S.C. § 157(b)(2)(I); and venue is proper under 28 U.S.C. § 1409. The Chapter 7 § 341 meeting is scheduled for September 9, 2026, and this complaint is timely.

## III. FACTUAL ALLEGATIONS

7. Plaintiff and Defendant are brother and sister.

8. Luis filed an ex parte Baker Act petition against Barbara, Case No. 2023-006567-MH-02, falsely alleging under oath that she abused crack, fentanyl, and other drugs, suffered from bipolar disorder and schizophrenia, was unstable, and posed a risk to herself. See Exhibit B - *Petition for Baker Act*

9. Based on those knowingly false allegations, the court ordered Barbara's involuntary examination and she was taken into custody. She tested negative for all substances, was found competent and mentally sound, and the proceeding terminated in her favor; Luis was present during her detention and taunted her. Barbara incurred approximately $10,000.00 in medical expenses.

10. Barbara filed a petition for a permanent injunction against Luis in Case No. 2023-022861-FC-01, alleging repeated harassing and threatening calls to her, her boyfriend, and her workplace. After hearing testimony, the court entered an indefinite injunction finding that Barbara was a victim of domestic violence and/or reasonably feared imminent domestic violence. See Exhibit C - *Certified Copy Final Judgment of Injunction*

11. Luis also made multiple reports to the Department of Children and Families accusing Barbara of abusing their mother, including reports in October 2019 and March 2024 even though their mother had died in November 2021. Each report was found unfounded and closed.

12. Barbara thereafter filed a civil lawsuit against Luis, Barbara Loriga v. Luis Loriga, Case No. 2024-003969-CA-01, arising from the conduct described above.

13. In that action, the presiding state-court judge struck all of Luis's pleadings as a sanction for perjury, fraud upon the court, and related misconduct. The sanction followed findings that his pleadings, discovery responses, and testimony contained deliberate falsehoods and omissions designed to obstruct the action. See Exhibit D - Order Striking Luis Loriga's Pleading

14. The pleadings-striking order resulted in default, and the state-court action proceeded to a jury trial on damages.

15. After Luis's attorney was allowed to withdraw, all Court notices were sent to Luis by the Clerk by 1st Class U.S. Mail. All pleadings were certified by the Clerk as having been mailed to Luis.

16. On February 23, 2026, the jury awarded Barbara $6,500.00 for malicious prosecution and $2,750,000.00 for intentional infliction of emotional distress. On February 25, 2026, the state court entered Final Judgment for $2,760,013.29, including taxable costs, plus post-judgment interest at 8.44% per annum. See Exhibit A - *Certified Final Judgment after Jury Verdict.*

17. The Final Judgment found that Luis purposefully initiated legal and quasi-legal proceedings against Barbara through false sworn statements, including the Baker Act and governmental reports and communications, intentionally, without just cause, and in a manner calculated to and substantially certain to cause injury, including involuntary detention, financial loss, reputational harm, and severe emotional distress. See Exhibit A - *Certified Final Judgment after Jury Verdict*.

## IV. COUNT I – NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6) WILLFUL INJURY

18. Plaintiff incorporates paragraphs 1 through 17.

19. Defendant's debt is for willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6). It arises from his knowing use of false sworn Baker Act allegations, intentional misuse of legal and governmental processes, and continued harassment to hurt, humiliate, and emotionally injure Barbara.

20. Defendant acted willfully because he knew the allegations were false and intended the resulting harm; he acted maliciously because the state court found that his conduct was undertaken without just cause and was calculated to and substantially certain to cause injury.

21. The state-court fraud ruling, jury verdict, and Final Judgment establish that the judgment debt arose from intentional, willful, malicious, and injurious conduct. The debt is therefore nondischargeable under 11 U.S.C. § 523(a)(6).

22. The judgment debt was awarded in a civil action based on malicious prosecution and intentional infliction of emotional distress and arose from Defendant's willful or malicious injury to Barbara.

23. The judgment debt is for personal injury to an individual, including involuntary detention, severe emotional distress, humiliation, anxiety, fear, and loss of dignity. It is nondischargeable under 11 U.S.C. § 523(a)(6).

## PRAYER FOR RELIEF

A. Declare that the debt owed by Defendant to Plaintiff under the Final Judgment After Jury Verdict entered in Barbara Loriga v. Luis Loriga, Case No. 2024-003969-CA-01, is nondischargeable;

B. Declare that the judgment debt is nondischargeable under 11 U.S.C. § 523(a)(6);

C. Apply collateral estoppel or issue preclusion to the state-court findings concerning Defendant's intentional, willful, malicious, and injurious conduct, and preclude relitigation of those issues;

D. Declare that the nondischargeable debt includes the Final Judgment amount of $2,760,013.29, plus post-judgment interest, taxable costs, fees, and related amounts awarded or to be awarded in connection with the judgment;

E. Award Plaintiff her costs and attorney's fees incurred in this adversary proceeding to the extent authorized by the Final Judgment or applicable law;

F. Grant such other and further relief as this Court deems just and proper.

Law Office of Michael J. Brooks, P.A
Attorney for the Plaintiff/Creditor
8660 West Flagler Street, Suite 100
Miami, FL 33144
Telephone 1 (877) 290-9197
Facsimile (954) 623-6125
By: /s/
Michael J. Brooks, Esq
Florida Bar No. 434442